**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF THE NEW JERSEY
B.A.C. HEALTH FUND, et al.,

                Plaintiffs,

v.

ORG CONTRACTING,

                Defendant.

Civil Action No. 13-5854 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon the motion for default judgment filed by Plaintiffs Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund (collectively, the "Funds"), and Richard Tolson, as Administrator of the B.A.C. Administrative Council of New Jersey (the "Union") (collectively with the "Funds," "Plaintiffs") against Defendant Org Contracting ("Defendant"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 14.) Plaintiffs properly served Defendant (ECF No. 3) and provided notice to Defendant of the current motion (ECF No. 18), however Defendant failed to respond or otherwise appear. The Court has carefully considered Plaintiffs' submission and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' motion for default judgment is granted.

## I. Background

This is a civil action brought pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1.) The Funds are the employers and employee-trustees of employee benefit plans operated pursuant to trust and collective bargaining agreements. (*Id.* ¶¶ 4-7.) The Union is a labor organization and brings this action for dues check-offs and other contributions. (*Id.* ¶ 8.) Defendant's collective bargaining agreement (the "CBA") with the Union provides that it must make specified contributions to the Funds and pay certain dues check-offs and other contributions to the Union for work done by Defendant's employees covered under the CBA. (*Id.* ¶¶ 10-11.)

Plaintiffs allege that from December 3, 2012, through June 28, 2013, employees of Defendant performed covered work at Wal-Mart in Brick Township, New Jersey, and that Defendant failed to make contributions to Plaintiffs pursuant to the CBA. (*Id.* ¶ 12.) Specifically, Plaintiffs allege that Defendant failed to pay $22,802.03 to the Funds and $1,773.84 to the Union in connection with the covered work at Wal-Mart. (*Id.*) Additionally, Plaintiffs allege that from April 15, 2013, through June 28, 2013, employees of Defendant performed covered work at Bottom Dollar in Sonderton, Pennsylvania, and that Defendant failed to make contributions to Plaintiffs pursuant to the CBA. (*Id.* ¶ 13.) In connection with the Bottom Dollar work, Plaintiffs allege that Defendant failed to pay $13,808.83 and $1,155.60 to the Funds and the Union, respectively. (*Id.*)

Plaintiffs' Complaint states two claims for relief against Defendant. First, Plaintiffs seek $36,610.86, plus interest, liquidated damages, attorneys' fees, and costs from Defendant in connection with the amounts owed to the Funds pursuant to sections 502 and 515 of ERISA. (*Id.*

2

¶¶ 14-19.) Second, Plaintiffs seek $2,929.44 from Defendant for the amounts owed to the Union under the CBA pursuant to section 301 of the LMRA. (*Id.* ¶¶ 20-22.)

On October 23, 2013, Plaintiffs properly served Defendant (ECF No. 3), but Defendant failed to respond or otherwise appear. The Clerk entered default on December 6, 2013. (ECF No. 5.) Plaintiffs previously moved for default judgment (ECF No. 6), but this Court denied Plaintiffs' motion because the amount sought did not conform to the demand sought in the Complaint and because Plaintiff did not file a legal brief, pursuant to Local Civil Rule 7.1, to explain the difference in damages sought (ECF No. 11). Plaintiffs now again move for default judgment against Defendant in the amount of $52,711.96, relying on a brief and declarations in support. (ECF No. 14.)

## II.  Analysis

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it after default has been entered by the Clerk of Court. Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.3d 1178, 1180 (3d Cir. 1984). Before a court can enter default judgment it must consider "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). "A consequence of the entry of a default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted). A court, however, is not required to accept the moving party's factual allegations relating to the amount of damages. *Id.*

A.   **Violation of ERISA**

Plaintiffs allege that Defendant violated section 515 of ERISA by failing to remit amounts owed under the CBA to the Funds. Section 515 of ERISA "requires an employer to contribute to a multiemployer benefit plan in accordance with the 'terms and conditions' set forth in the collective bargaining agreement." *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1111 (3d Cir. 1996) (citing 29 U.S.C. § 1145). In their Complaint, Plaintiffs allege that Defendant violated ERISA by failing to remit $36,610.86 to the Funds for covered work in connection with the Wal-Mart and Bottom Dollar projects under the CBA. (Compl. ¶ 19.) Therefore, taking the factual allegations as true, Plaintiff has established a legitimate cause of action under section 515 of ERISA.

Rule 55(b)(2)(B) specifies that "a damages determination may be made without a hearing 'as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment.'" *Howard Johnson Int'l v. Patel*, No. 11-918, 2011 WL 2148575, at *2 (D.N.J. May 31, 2011) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Upon finding a violation of section 515, section 502(g)(2) provides for an award of "unpaid contributions," "interest on the unpaid contributions," "liquidated damages provided for under the plan in an amount not in excess of [twenty] percent," and "attorney's fees and costs." 29 U.S.C. § 1132(g)(2). In their Complaint, Plaintiffs seek $36,610.86 plus interest, liquidated damages, attorneys' fees, and costs.

In support of their motion, Plaintiffs submitted the Declaration of Gary Mercadante ("Mercadante"), the administrator of the New Jersey B.A.C. Health Fund and the New Jersey BM&P Apprentice and Education Fund. (Decl. of Gary Mercadante ("Mercadante Decl.") ¶ 1, ECF No. 15.) Mercadante certifies that in the course of his job as administrator he was responsible

for collecting all contributions due to the Funds from contracting employers. (*Id.* ¶ 3.) Mercadante states that Defendant failed to make $36,610.86 in required contributions to the Funds. (*Id.* ¶¶ 5-6.) In addition, Plaintiffs allege that the documents and instruments governing the Funds set interest rates for delinquent contributions at the rate of ten percent per annum or fifteen percent per annum, and liquidated damages of twenty percent of the principal amount due. (*Id.* ¶ 12.) Attaching a copy of these documents, Mercadante states that the interest due, based on the ten percent rate, equals $4,547.48, and liquidated damages equal $7,322.18. (*Id.* ¶¶ 12-16; Ex. D.) Having reviewed the documentation provided, the Court is satisfied that there is a basis for the damages requested.

Further, ERISA requires that a court award attorneys' fees and costs upon a finding that an employer was delinquent in paying contributions. *See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 294 (3d Cir. 2007) (citing 29 U.S.C. § 1132(g)(2)). Here, Plaintiffs seek $646 in attorneys' fees and $700 in costs. In support of this request, Plaintiffs submitted the Declaration of Michael Bauman ("Bauman"), Plaintiffs' counsel. (Decl. of Michael Bauman ("Bauman Decl.") ¶ 1, ECF No. 16.) Bauman certifies that the $646 in attorneys' fees requested includes approximately five hours of work spent litigating this case, and he attached a copy of the firm's billing history in support. (*Id.* ¶¶ 2, 4; Ex. A.) Additionally, Bauman certifies that Plaintiffs incurred $700 in court fees and service fees and attached documentation of those expenses. (*Id.* ¶¶ 2, 5; Ex. A.) The Court is satisfied that the attorneys' fees and costs requested by Plaintiffs are reasonable.

### B. Violation of LMRA

In addition, Plaintiffs seek $2,929.44 in dues check-offs and other contributions that Defendant failed to remit in violation of the CBA. (Compl. ¶¶ 21-22.) Section 301 of the LMRA provides for jurisdiction in the district court of the United States in "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185. Taking the factual allegations of Plaintiffs' Complaint as true, Plaintiffs have established that Defendant violated the LMRA. The Union is a labor organization representing employees in an industry affecting commerce, specifically work as brick layers, cement masons, plasters, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers, and exterior marble masons. (Compl. ¶¶ 8, 10.) Therefore, Plaintiffs' uncontested allegations that Defendant violated the CBA by failing to remit dues check-offs states a cause of action under the LMRA.

In support of the amount of damages requested, Mercadante states he reviewed reports submitted in connection with the covered work at the Wal-Mart and Bottom Dollar projects and based on the hours worked, Defendant failed to remit full payment of its dues check-offs. (Mercadante Decl. ¶ 7.) Mercadante certifies that Defendant failed to pay $2,929.44 in dues check-offs owed to the Union. (*Id.* ¶¶ 5, 6.) Defendant is required under the CBA to deduct these dues check-offs from the paychecks of its employees who perform covered worked. Therefore, the Court finds there is a reasonable basis for the amount of damages requested.

## III. Conclusion

For the reasons set forth above, it is hereby ordered that Plaintiffs' motion for default judgment against Defendant is granted, and judgment is entered against Defendant in the amount of $52,711.96. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: April 13th, 2015